UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARY WATSON,<br><br>Defendant. | Case No. 2:17-cr-00124-JAD-EJY<br><br><br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss Counsel (ECF No. 465). Counsel for Defendant filed a Notice of Non-Opposition and Statement of Status of the Case on June 1, 2020. ECF No. 468. The Court notes that Defendant's Motion was originally set for hearing on June 3, 2020; however, civil unrest in downtown Las Vegas, Nevada, militates in favor of a written order in place of the hearing.

In the Motion, Defendant states that he has developed irreconcilable differences with counsel due to a breakdown in communications. Defendant further states that the relationship cannot be repaired as Defendant has lost confidence in counsel. No further information regarding the breakdown in communications or the nature of the irreconcilable differences are provided. In her Non-Opposition, counsel for Defendant disagrees with the factual representations made by Defendant, but also states that it is not her place to argue with Defendant's "presentation . . . ." *Id*. at 1. Counsel for Defendant explains that a case "directly relevant" to Defendant's sentencing "is currently pending in the Supreme Court of Nevada," and that Defendant's sentencing was continued for ninety days at which time the status of that case would be assessed. *Id*. at 2. Counsel for Defendant further advises that no decision on the case before the Nevada Supreme Court has issued. *Id*.

Nevada Supreme Court Rule of Professional Responsibility 1.16 states, in pertinent part, that termination of an attorney client relationship should be permitted so long as severing the

relationship does not have a "material adverse effect on the interests of the client" or for "[o]ther good cause" is shown. *See also* United States District Court for the District of Nevada Local Rule IA 11-6. Defendant states that his relationship with counsel is irreparably damaged and that he has lost confidence in his current attorney. The Court finds these concerns are sufficient to satisfy good cause for granting Defendant's Motion. However, Defendant's sentencing is currently set for June 9, 2020, and no motion to continue the date for that hearing has been filed. It is not possible for new counsel to be appointed and become familiar with Defendant's case between today's date and the June 9, 2020 date set for sentencing. Thus, granting Defendant's Motion at this time would have a materially adverse effect on Defendant.

Accordingly, IT IS HEREBY ORDERED that, Defendant's Motion to Dismiss Counsel is DENIED without prejudice. The hearing set for June 3, 2020 at 10:30 a.m. is VACATED.

IT IS FURTHER ORDERED that if the date set for Defendant's sentencing is continued, Defendant may refile his Motion to Dismiss Counsel, which will be promptly considered by the Court.

DATED: June 2, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2