**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:17-cr-00124-JAD-EJY-2 |
| Plaintiff | |
| v. | **Order Granting Motions for Early Termination of Supervised Release, Leave to File Under Seal, and Appointment of Counsel** |
| Kary Watson, | |
| Defendant | [ECF Nos. 630, 631, 633] |

Kary Watson is a year and a half into a three-year term of supervised release after completing a 102-month sentence for conspiring to distribute a controlled substance and being a felon in possession of a firearm and ammunition.[1]  He now moves to end his supervision early, contending that he has complied with all relevant conditions and meets the statutory criteria for early termination.[2]  The government does not oppose his request.[3]  Because Watson has demonstrated his inability to afford an attorney, I grant his motions for appointment of counsel and for leave to file his financial affidavit under seal.  And I grant his motion for early termination of supervised release because he meets the qualifying criteria.

**I.    Watson is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation."[4]  Eligibility for court-appointed counsel is determined by

---

[1] ECF Nos. 259, 260.

[2] ECF No. 633.

[3] ECF No. 634.

[4] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

1  assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a

2  person's eligibility should be resolved in favor of eligibility."[5]  Watson's financial affidavit

3  confirms his inability to afford an attorney and his need for one to be appointed to him, so I grant

4  his request to appoint counsel.

5  **II.    Watson's financial affidavit will remain sealed.**

6         It is well-established that the Ninth Circuit "recognize[s] a 'general right to inspect and

7  copy public records and documents, including judicial records and documents.'"[6]  "This right is

8  justified by the interest of citizens in keeping a watchful eye on the workings of public

9  agencies."[7]  But "access to judicial records is not absolute."[8]  Ordinarily, "[w]hen ruling on a

10 motion to seal court records, the district court must balance the competing interests of the public

11 and the party seeking to seal judicial records."[9]  Courts in the Ninth Circuit and at least two other

12 circuit courts have recognized that such a standard doesn't apply to financial affidavits like the

13 one Watson filed here because they are administrative, not judicial, in nature.[10]  I find that

14 reasoning persuasive and adopt it here.  So, because Watson's affidavit is an administrative

---

[5] The Plan for Administration of the CJA of 1964 at 7–8.

[6] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[7] *Id.* (cleaned up).

[8] *Id.*

[9] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

[10] *See In re Boston Herald, Inc.*, 321 F.3d 174, 181 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246, 1254–55 (10th Cir. 1998); *see also United States v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press"); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010).

2

1  document that contains personal financial information that the public does not need access to, I

2  grant his request for leave to file the affidavit under seal.

3  **III.    Watson is entitled to early termination of his supervised release.**

4       A district courts may, "[a]fter considering a subset of the sentencing factors set forth in

5  18 U.S.C. § 3553(a), . . . terminate a term of supervised release" after the expiration of the first

6  year of supervised release if it is "satisfied that such action is warranted by the conduct of the

7  defendant released and the interest of justice."[11]  Those § 3553(a) factors are the nature and

8  circumstances of the offense; the defendant's history and characteristics; the need to deter

9  criminal conduct, protect the public from the defendant's further crimes, and give the defendant

10  needed resources that the probation office can provide; the sentence and sentencing range; the

11  need to avoid unwarranted sentencing disparities; and the need to provide restitution to any

12  victims.[12]  But the court is not obligated to "tick off" each § 3553(a) factor and illustrate its

13  consideration.[13]  District courts have "broad discretion in determining whether to grant a motion

14  to terminate supervised release."[14]  According to the Ninth Circuit, "a district court enjoys

15  discretion to consider a wide range of circumstances" in making an early termination decision.[15]

16       Watson meets the statutory criteria for early termination of supervision.  While the

17  serious nature of his offenses weighs against termination, his history and personal characteristics

18  weigh in favor of it.  Watson has not had disciplinary issues since commencing supervision, has

19

20  _____

[11] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quotation omitted).

21  [12] 18 U.S.C. §§ 3553(a), 3583(e)(1).

22  [13] *United States v. Langenbach*, 848 F. App'x 356, 357 (9th Cir. 2021) (unpublished).

[14] *Emmett*, 749 F.3d at 819 (citing 18 U.S.C. 3583(e)(1); *United States v. Hook*, 471 F.3d 766,

23  771 (7th Cir. 2006)).

[15] *Id.*

paid all outstanding fines, and has maintained employment since his release from prison.[16] The record also reflects that he has made significant efforts to rehabilitate himself. While in prison, he completed the Residential Drug Abuse Program (RDAP) as well as courses in parenting, anger management, and life skills.[17] He has also completed cognitive behavioral therapy since his release.[18] Watson has maintained a close relationship with family and is an engaged father to his three children.[19] The government, having conferred with the United States Probation Office, does not oppose Watson's request.[20] Because I am satisfied that Watson's conduct warrants the early termination of his supervised release based on the 18 U.S.C. § 3553(a) factors and that such relief is in the interest of justice, I grant his motion and order that his supervision be terminated.

### Conclusion

IT IS THEREFORE ORDERED that Watson's motion for early termination of supervised release **[ECF No. 633] is GRANTED**. Watson's supervision is **TERMINATED**.

IT IS FURTHER ORDERED that Watson's motion for appointment of counsel **[ECF No. 630] is GRANTED** *nunc pro tunc* **to March 5, 2025**, and his motion for leave to file his affidavit under seal **[ECF No. 631] is also GRANTED**. The Clerk of Court is directed to **MAINTAIN THE SEAL on docket entry ECF No. 632**.

_____
U.S. District Judge Jennifer A. Dorsey
March 13, 2025

---

[16] ECF No. 633 at 3.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] ECF No. 634.